NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN YERESSIAN,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent.*

---

2013-3082

---

Petition for review of the Merit Systems Protection Board in No. SF0752100972-C-1 and SF0752090049-C-3.

---

Decided: August 16, 2013

---

JOHN YERESSIAN, of Pasadena, California, pro se.

SCOTT R. DAMELIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC for respondent. With him on the brief were STUART DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director. Of counsel was LARRY F. ESTRADA, Assistant District Counsel, United States Army Corps of Engineers, of Los Angeles, California.

---

Before RADER, *Chief Judge,* PROST, and TARANTO, *Circuit Judges.*

PER CURIAM.

The Merit Systems Protection Board dismissed Mr. Boyd R. Tyson's petition for enforcement which Mr. John Yeressian later appealed. Because Mr. Yeressian lacks standing to bring this challenge, this court dismisses.

I.

This appeal is related to *Yeressian v. Dep't of the Army,* No. 2013-3079. As described in that opinion, Mr. Yeressian was terminated from his position as a student trainee in the Army's realty division but was later ordered to be reinstated by the Board. *Yeressian v. Dep't of the Army*, No. 2013-3079, slip. op. at 1–5. Concurrent with those proceedings, Mr. Yeressian sought a temporary restraining order (TRO) against the Army, alleging that Army representatives were harassing him.

In his application for the TRO, Mr. Yeressian named Boyd R. Tyson, among other individuals, as third parties also in need of protection from the Army. Mr. Tyson was a Program Support Assistant in the Army's regulatory division. The administrative judge (AJ) granted the TRO, noting that under 5 U.S.C. § 1204(e)(1)(B), the Board may "issue any order which may be necessary to protect a witness or other individual from harassment . . . ." 5 U.S.C. § 1204(e)(1)(B). Because Mr. Tyson was named in Mr. Yeressian's TRO application, the Army sought to depose Mr. Tyson to determine the extent of his involvement in, and knowledge of, Mr. Yeressian's case before the Board.

During the process of noticing Mr. Tyson's deposition, Mr. Tyson filed a petition for enforcement, claiming that the Army was harassing him in violation of the TRO. The AJ denied Mr. Tyson's petition, finding that Mr. Tyson failed to meet his burden of "establishing that he ha[d] experienced any harassment or other adverse effects

because of his real or presumed knowledge of, or involvement in, [Mr. Yeressian's] appeals." App. at 48. Mr. Tyson appealed this decision to the full Board; however, shortly thereafter, Mr. Tyson and the Army entered into a "Stipulation for Dismissal With Prejudice All Claims of Third Party Boyd R. Tyson." The stipulation was signed by Mr. Tyson and "dismisse[d] with prejudice all claims, requests for relief, complaints, appeals, petitions, and causes of action of whatsoever kind and nature." App. at 35.

The Board accepted the negotiated settlement agreement between Mr. Tyson and the Army and dismissed Mr. Tyson's appeal with prejudice. Mr. Yeressian appeals the Board's decision to this court. This court has jurisdiction under 5 U.S.C. § 7703.

## II.

Mr. Yeressian argues that the Board erred by allowing Mr. Tyson to dismiss Mr. Tyson's own petition for enforcement. Mr. Yeressian claims that because Mr. Tyson is a non-party to the underlying proceedings, Mr. Tyson cannot act without Mr. Yeressian's consent. Mr. Yeressian fails to cite to any law, rule, or regulation that supports this position.

In any event, this court holds that Mr. Yeressian lacks standing to bring this challenge. Only parties that are "*adversely affected or aggrieved* by a final order or decision of the [Board] may obtain judicial review of the order or decision." 5 U.S.C. § 7703(a)(1) (emphasis added). Mr. Tyson is a non-party witness covered by the TRO. He petitioned the Board for enforcement of the TRO alleging that he (and only he) was being harassed by the Army. Mr. Yeressian has not identified any harm, let alone any cognizable harm, he has suffered from the Board's dismissal of Mr. Tyson's appeal. Therefore, Mr. Yeressian lacks standing. This appeal is dismissed.

**DISMISSED**